1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BYRON SCHAEFER,                          No.  2:24-cv-00651-DC-SCR

12              Plaintiff,

13       v.                                   ORDER REGARDING DISCOVERY
                                              DISPUTE
14   TARGET CORPORATION,

15              Respondent.

16

17                             **Introduction**

18          The parties presented this dispute to the Court pursuant to the undersigned's informal

19   discovery dispute process.  ECF No. 21.  Plaintiff seeks the contact information for all witnesses

20   identified in Defendant Target Corporation's ("Target") initial disclosures and for all individuals

21   responsive to an interrogatory Plaintiff served on Target.  Defendant resists such disclosures.  The

22   Court discussed this dispute with the parties during an informal telephonic hearing on December

23   5, 2024.  At the Court's direction, the parties submitted their meet and confer correspondence in

24   camera, to assist the Court in resolving this dispute.  Having now reviewed that correspondence

25   and further considered the issues, the Court finds that Plaintiff is entitled to the requested contact

26   information.

27                               **Analysis**

28          Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose "the name and, if

known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"  In addition to this initial disclosure requirement, litigants often seek and obtain contact information of other potential witnesses through interrogatories.  *See United States v. Real Property Located in Los Angeles, California*, 2024 WL 4002844, at *7-8 (C.D. Cal.) (requiring the disclosure in response to an interrogatory of the "identity of individuals with discoverable information about" an issue in the case because the "contact information for such individuals is properly discoverable").  Target nevertheless argues that Plaintiff is not entitled to the contact information of certain of its employees at the "Team Leader" level and above.  Target's argument is based on two principles: (1) the employees at the "Team Leader" level and above are "managers" who should not be contacted *ex parte*, and (2) Target's employees have a privacy interest in their contact information.

During the informal discovery conference, Plaintiff's counsel recognized her ethical obligation not to contact *ex parte* witnesses who are represented or who could make vicarious admissions.  However, Target's counsel does not claim to represent the individuals whose contact information Plaintiff seeks.  Moreover, given the management structure the parties described to the Court, it is unlikely that Target would be bound the admissions of those individuals.  *See Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983) (holding that statements made by mid-level managers who were not involved in decision to discharge plaintiff were not vicarious admissions by employer).

As for Target's privacy argument, it is true that California's state law privacy protections apply in a diversity case like this one, pursuant to Federal Rule of Evidence 501.  *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007).  Under state law, all Californians have a conditional privacy interest in their contact information.  *See Williams v. Superior Court*, 3 Cal. 5th 531, 552-53 (2017).  However, the contact information at issue here can be produced subject to a protective order, thus adequately protecting the privacy interests of the handful of employees whose information would be subject to disclosure.  *See, e.g., Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 176 (E.D. Cal. 2022) ("[G]iven the presence of the protective order, the

1  Court does not find the privacy concerns outweigh the discoverability of the absent member

2  contact information.").

3  **Conclusion**

4        For the foregoing reasons, and subject to the following conditions, Target is ORDERED

5  to produce contact information for the individuals identified in its initial disclosures and the

6  individuals identified in response to Plaintiff's interrogatory.  Target may mark this information

7  confidential under the protective order entered in this action.  To the extent an individual is

8  represented by counsel for Target, Target may so indicate in its production.  To the extent Target

9  has a *bona fide* belief that an individual could make a vicarious admission, Target may so

10  indicate.  For individuals who are represented by counsel for Target or who Target believes could

11  make a vicarious admission, Plaintiff's counsel shall not contact them *ex parte*.  Counsel for

12  Target may nonetheless offer to accept service of a deposition notice or subpoena on behalf of

13  any individual identified in its initial disclosures or in response to Plaintiff's interrogatory.

14  Dated: December 9, 2024

15

16

17  SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28